**RIVERBANK OIL COMPANY, a Washington limited liability company, Plaintiff–Appellant,**

v.

**TOSCO OIL CORPORATION, a corporation; Phillips 66; Conocophillips Company, Defendants–Appellees.**

No. 05–15908.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2007.

Filed March 26, 2007.

Michael P. Guta, Esq., Law Offices of John E. Hill, Oakland, CA, for Plaintiff–Appellant.

Adam D. Friedenberg, Esq., Glynn & Finley, Walnut Creek, CA, Paul D. Fogel, Esq., Reed Smith Crosby Heafey LLP, San Francisco, CA, for Defendants–Appellees.

Before: HUG, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

Riverbank Oil Company appeals the district court's summary judgment in favor of defendant Tosco Oil Corporation. We have jurisdiction over this diversity case pursuant to 28 U.S.C. § 1291 and affirm in full. As the facts and procedural history are familiar to the parties, we do not repeat them here.

by 9th Cir. R. 36–3.

First, there is no genuine issue of material fact that the May 1, 2002 letter did not constitute a binding contract. The letter plainly states that the duration of the contract was conditioned on Tosco management's approval. Duration was an essential and material term of the contract, known to both parties. Because the record contains no evidence Tosco management ever approved the contract, the May 1, 2002 letter cannot constitute a binding contract. *See Bustamante v. Intuit, Inc.*, 141 Cal.App.4th 199, 215, 45 Cal.Rptr.3d 692 (2006). Furthermore, the parties did not perform under the May 1, 2002 letter. The two deliveries of oil Tosco accepted were purchased pursuant to spot contracts containing a price differing from the formula price contained in the May 1, 2002 letter, and the amounts shipped did not conform to the amounts required in the letter. *See* Cal. Comm.Code § 2201(3)(c).

Second, there is no triable issue of fraud. Riverbank fails to show that Tosco acted with intent to defraud Riverbank or that Tosco fraudulently rejected conforming oil to obtain a better deal. Tosco's failure to buy Riverbank's shipped oil was a result of the nonconformance of the oil. *See Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226, 1239, 44 Cal.Rptr.2d 352, 900 P.2d 601 (1995).

Third, there is no triable issue regarding Riverbank's claim of intentional interference with prospective economic advantage. Riverbank offers no evidence Tosco knew of any relationship between Riverbank and a third party and *intentionally* acted to disrupt such relationship. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153–54, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003).

Finally, there is no triable issue regarding Riverbank's unlawful business practices claim. *See* Cal. Bus. & Prof.Code § 17200. Riverbank has not made the requisite factual proof to raise a triable issue for either fraud or intentional interference with prospective economic advantage, nor has Riverbank made a showing Tosco's actions were designed to deceive the public or were violative of public policy or were immoral and unethical. *See Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180, 83 Cal. Rptr.2d 548, 973 P.2d 527 (1999); *McKell v. Wash. Mut., Inc.*, 142 Cal.App.4th 1457, 1471, 49 Cal.Rptr.3d 227 (2006).

**AFFIRMED.**